1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CYRIL DAVID DANIEL ORAM, JR., | Case No. C21-75RSM |
| Plaintiff, | ORDER DENYING MOTIONS FOR RECONSIDERATION |
| v. | |
| ROBERT WILKIE, et al., | |
| Defendants. | |

This matter comes before the Court on Plaintiff's Motions for Reconsideration. Dkts. #29 and #30. In these Motions, Plaintiff argues that the Court erred in issuing a Minute Order striking his Motion to Strike Reply, Dkt. #27. That Minute Order stated:

> By local rule, requests to strike material contained in or attached to submissions of opposing parties shall not be presented in a separate motion to strike, but shall instead be included in the responsive brief, and will be considered with the underlying motion. LCR 7(g). The single exception to this rule is for requests to strike material contained in or attached to a reply brief, in which case the opposing party may file a surreply requesting that the court strike the material. However, before filing a surreply, a notice of intent to file a surreply must be filed. LCR 7(g)(1). The surreply "shall be strictly limited to addressing the request to strike" and "extraneous argument... will not be considered." LCR 7(g)(2). The surreply shall not exceed three pages. LCR 7(g)(3). Plaintiff has filed a Motion to strike a reply brief without filing a notice, the filing includes extraneous argument, and it exceeds three pages. Accordingly, the Court STRIKES this Motion as procedurally

ORDER DENYING MOTIONS FOR RECONSIDERATION - 1

improper and will not consider it. No further briefing on the parties' Motions for Summary Judgment is permitted without leave of the Court.

Dkt. # 28. Plaintiff now cites to Local Civil Rule 7(g)(5), which states:

> This rule does not limit a party's ability to file a motion to strike otherwise permitted by the Federal Rules of Civil Procedure, including Fed. R. Civ. P. 12(f) motions to strike material in pleadings. The term "pleadings" is defined in Fed. R. Civ. P. 7(a).

Plaintiff apparently argues that he was moving to strike material in pleadings, not filing a surreply. *See* Dkts. #29 and #30.

Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence. LCR 7(h)(1).

Plaintiff's Motion to Strike, Dkt. #27, was not aimed at striking material contained in pleadings as defined by Fed. R. Civ. P. 7(a). He was moving to strike material contained in Defendant's Reply brief in support of its Motion for Summary Judgment. Plaintiff conflates answers and motions for summary judgment, but they are distinct types of filings. The briefing submitted in support of a motion is not a pleading. Accordingly, Local Civil Rule 7(g)(5) does not apply to this situation. Plaintiff has not otherwise demonstrated manifest error or a showing of new facts or legal authority.

Accordingly, the Court hereby finds and ORDERS that Plaintiff's Motions for Reconsideration, Dkts. #29 and #30, are DENIED.

//

//

//

ORDER DENYING MOTIONS FOR RECONSIDERATION - 2

1    DATED this 29th day of July, 2021.

2

3

4

5    RICARDO S. MARTINEZ
     CHIEF UNITED STATES DISTRICT JUDGE
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER DENYING MOTIONS FOR RECONSIDERATION - 3