UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CYRIL DAVID DANIEL ORAM, JR.,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT WILKIE, et al.,<br><br>Defendants. | Case No. C21-75RSM<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on the parties' Motions for Summary Judgment. Dkts. #19 and #20. Defendant the United States Department of Veterans Affairs (the "VA") moves for summary judgment in this Freedom of Information Act ("FOIA") and Privacy Act litigation, arguing that it has "released to Plaintiff all responsive, non-exempt records located as a result of a reasonable search for the two records requests alleged in the Amended Complaint." Dkt. #20 at 2. The VA states that it has withheld no documents and made redactions under FOIA Exemption 6 only for social security numbers and "rating specialist numbers belonging to third parties." *Id*. The VA argues that Plaintiff's other claims are either moot, premature, or procedurally improper. *See id*.

The only record requests properly before the Court are those set forth in Plaintiff's Amended Complaint. *See* Dkt. #17 at ¶ 20 ("FOIA & Privacy Act request to the VA dated Apr

ORDER RE: MOTIONS FOR SUMMARY JUDGMENT - 1

23, 2020") and at ¶ 30 ("FOIA & Privacy Act request to the VA dated Mar 3, 2021"); Dkt. #17-1 at 1 and 32–33. The first request, dated April 24, 2020, states "I request a copy of my claims folder (C-File)." Dkt. #17-1 at 1.  A "C-file" is a collection of records kept by the VA in connection with a veteran's disability claims. Dkt. #21 ("Harvey Decl."), ¶ 4.  It "typically includes service treatment records, discharge documents, claim-related documents and service-related documents." *Id*.  In response to this request, the VA conducted a search of the Veterans Benefit Management System ("VBMS") database, using Plaintiff's name and social security number to identify responsive records. *Id*. at ¶¶ 4–6. The VA used their typical FOIA/Privacy Act process to determine what to release.  The VA did not withhold any documents but included redactions of social security numbers and rating specialist numbers belonging to other veterans and VA claims processors. The VA redacted this information because third-party information is not subject to release under the Privacy Act and because it is protected by FOIA Exemption 6. *Id*. at ¶¶ 7–8.

  The VA released these records to Plaintiff by mailing a CD to the address Plaintiff provided on November 3, 2020. *Id*. ¶ 9, Ex. 3.  On December 8, 2020, Plaintiff submitted an appeal to the Office of General Counsel indicating that he had not received his C-file. *Id*. at ¶ 10. In January 2021, the VA mailed the records to a new address provided by Plaintiff. *Id*. at ¶ 11. The package was subsequently returned to the VA as undeliverable. *Id*.  On or about January 20, 2021, Plaintiff initiated this litigation. *See* Dkt. 1. On February 23, 2021, the VA mailed the records to the address provided by Plaintiff, and Plaintiff acknowledges receiving them. *See id*. at ¶ 12; Dkt. #17 ¶ 17 n.6.

  The second request alleged in the Amended Complaint, dated March 3, 2021, states, "I hereby request a copy of my compensation and pension exams…. performed… on March 3,

ORDER RE: MOTIONS FOR SUMMARY JUDGMENT - 2

2021 and related to the Veteran's Title 38 Claim(s) and wherever such records about the Veteran's claim are kept or stored by the VA." Dkt. #17-1 at 32. On March 24, 2021, Plaintiff sought leave to amend his Complaint to include allegations related to this new request. *See* Dkts. #15 and #16. The Amended Complaint also includes a cause of action for unlawful patterns of practice under FOIA and the Privacy Act. Dkt. #17 at 8–9.

In response to Plaintiff's March 3, 2021, records request, the VA conducted a search of the VBMS database using Plaintiff's name and social security number as search terms, and then a supplement manual search for "C&P Examination Results" and "March 3, 2021." Harvey Decl. at ¶ 14. All records found by the VA were released without redactions to Plaintiff under the Privacy Act. *Id*. They were sent by mail on a CD on April 1, 2021. *Id*. at ¶ 19. Before the VA released these records, on March 30, 2021, Plaintiff sent an email to the VA FOIA appeals office indicating "I requested an expedited faxed copy of my C&P exam and I have not received a timely response in the matter or a timely request for an extension of the initial request as statutorily mandated under FOIA." *Id*. at ¶ 15, Ex. 4. The VA interpreted this to be an appeal, and in response to Plaintiff's demands that the records be either faxed or sent by email, the VA advised that the records would be sent by mail as they contained personally identifiable information. *Id*. at ¶¶ 15-16, Ex. 4. Plaintiff acknowledges receiving these records. *See* Dkt. #19.

Plaintiff's Motion for Summary Judgment identifies other records requests that do not appear in the Amended Complaint. Plaintiff concedes that claims for requests dated May 21 and May 25, 2021, are "premature" as no deadline had passed at the time of his May 27, 2021 Motion. *See* Dkt. #19 at 2–3.

ORDER RE: MOTIONS FOR SUMMARY JUDGMENT - 3

In FOIA cases, the usual summary judgment standards apply and "if there are genuine issues of material fact in a FOIA case, the district court should proceed to a bench trial or adversary hearing" and issue findings of fact and conclusions of law. *Animal Legal Def. Fund v. United States FDA*, 836 F.3d 987, 990 (9th Cir. 2016) (citing Fed. R. Civ. P. 52(a)(1)); *see also Cameranesi v. United States DOD*, 856 F.3d 626, 636 (9th Cir. 2017) ("We have now overruled this FOIA-specific summary judgment standard, and instead apply our usual summary judgment standard.").

Accordingly, summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Material facts are those which might affect the outcome of the suit under governing law. *Anderson*, 477 U.S. at 248. In ruling on summary judgment, a court does not weigh evidence to determine the truth of the matter, but "only determine[s] whether there is a genuine issue for trial." *Crane v. Conoco, Inc.*, 41 F.3d 547, 549 (9th Cir. 1994) (citing *Federal Deposit Ins. Corp. v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir. 1992)).

On a motion for summary judgment, the court views the evidence and draws inferences in the light most favorable to the non-moving party. *Anderson*, 477 U.S. at 255; *Sullivan v. U.S. Dep't of the Navy*, 365 F.3d 827, 832 (9th Cir. 2004). The Court must draw all reasonable inferences in favor of the non-moving party. *See O'Melveny & Meyers*, 969 F.2d at 747, *rev'd on other grounds*, 512 U.S. 79 (1994). However, the nonmoving party must make a "sufficient showing on an essential element of her case with respect to which she has the burden of proof" to survive summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

ORDER RE: MOTIONS FOR SUMMARY JUDGMENT - 4

FOIA establishes "a judicially enforceable right to secure [government] information from possibly unwilling official hands." *Dep't of Air Force v. Rose*, 425 U.S. 352, 361, 96 S. Ct. 1592, 48 L. Ed. 2d 11 (1976) (citing S. Rep. No. 813, 89th Cong. (1st Sess. 1965)); *see also Lahr v. NTSB*, 569 F.3d 964, 973 (9th Cir. 2009).  The aim of these disclosure requirements is to "ensure an informed citizenry, vital to the functioning of democratic society, needed to check against corruption and to hold the governors accountable to the governed." *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242, 98 S. Ct. 2311, 57 L. Ed. 2d 159 (1978); *see also Hamdan v. United States DOJ*, 797 F.3d 759, 770 (9th Cir. 2015); *Shannahan v. I.R.S.*, 672 F.3d 1142, 1148 (9th Cir. 2012).

Federal agencies have a duty to construe FOIA requests liberally. *Yagman v. Pompeo*, 868 F.3d 1075, 1080 (9th Cir. 2017).  Upon receipt of a FOIA request, a federal agency "shall make the records promptly available," 5 U.S.C. § 552(a)(3)(A), and "shall make reasonable efforts to search for the records" responsive to a request.  *Id*. § 552(a)(3)(C)–(D).  Agencies must respond to FOIA requests within twenty business days of receipt, *id*. § 552(a)(6)(A)(i), and disclose responsive documents unless one or more of FOIA's exemptions apply.  These exemptions are "narrowly construed." *Shannahan*, 672 F.3d at 1149.  An agency bears the burden of establishing that an exemption applies.  *Lahr*, 569 F.3d at 973.  "Any reasonably segregable portion of a record shall be provided" to the FOIA requester.  5 U.S.C. § 552(b).

"Unlike FOIA . . . the Privacy Act does not have disclosure as its primary goal." *Carlborg v. Dep't of the Navy*, No. 18-CV-1881 (DLF), 2020 WL 4583270, *3 (D.D.C. Aug. 10, 2020) (internal quotation omitted). "[T]he Privacy Act's primary goal is to protect the privacy of individuals through regulation of the collection, maintenance, use, and dissemination of information by federal agencies . . . [and] as part of the effort to give individuals more

ORDER RE: MOTIONS FOR SUMMARY JUDGMENT - 5

control over information about themselves, the Privacy Act gives individuals a right to gain access to government records concerning themselves upon request." *Rojas v. FAA*, 941 F.3d 392, 397 (9th Cir. 2019); *see also* 5 U.S.C. § 552a(d)(1).  Critically, the Privacy Act only authorizes disclosure of a record if it pertains to the requester.  *See* U.S.C. § 552a(b); *Carlborg*, 2020 WL 4583270 at *7 (requester not entitled to third party-information under Privacy Act). The Privacy Act also "only includes access to records maintained in a 'system of records,' meaning 'group of any records under the control of any agency from which information is retrieved by the name of the individual or by some identifying number, symbol, or other identifying particular assigned to the individual.'" *Singh v. USPS*, No. C17-0233-JCC, 2017 WL 2930590, at *4 (W.D. Wash. July 10, 2017), *aff'd*, 713 F. App'x 661 (9th Cir. 2018) (quoting 5 U.S.C. § 552a(a)(5)).  And, unlike FOIA, "the Privacy Act does not contain any deadlines for responding to a request." *Demoruelle v. Dep't of Veterans Affs.*, No. CV 16-00562 LEK-KSC, 2017 WL 2836989, at *7 (D. Haw. June 30, 2017).

However, like "the public access right granted by FOIA, the Privacy Act's private access right is subject to numerous exemptions." *Rojas*, 941 F.3d at 397. While the statutes are similar in this regard, their exemptions are not co-extensive. *See Carlborg*, 2020 WL 4583270 at *3. For a records request where "both statutes are at play, an agency seeking to withhold records must demonstrate that the documents fall within some exemption under each Act." *Id*. (internal citation omitted).  Similarly, "[u]nder both the Privacy Act and FOIA, an agency must conduct an adequate and reasonable search for relevant records." *Id*.

The Court has reviewed the undisputed facts and procedural history of this case as submitted by the parties.  The Court understands Plaintiff's frustration with the delay in receiving his records and the problems caused by the VA's insistence on sending them on a CD

ORDER RE: MOTIONS FOR SUMMARY JUDGMENT - 6

as opposed to in an email.  However, the record shows that the VA has now released all non-exempt materials responsive to his April 24, 2020, and March 3, 2021, records requests.  *See* Harvey Decl. ¶¶ 9-12, 19-20.  Plaintiff's claims that the search process was flawed or that certain documents were withheld are speculative and unsubstantiated.  The VA argues that the claims in this case are therefore moot, and the Court agrees.  *See* Dkt. #20 at 8 (citing, *e.g.*, *Johnson v. Comm'r*, 239 F. Supp. 2d 1125, 1137 (W.D. Wash. 2002) ("If, upon the initiation of a lawsuit, it is determined that all documents found responsive to the underlying request have been released in full to the requester, the litigation should be dismissed on the grounds of mootness because there is no justiciable controversy"); *Sterrett v. Dep't of Navy*, No. 09-CV-2083-IEG POR, 2010 WL 330086 at *2 (S.D. Cal. Jan. 20, 2010) (collecting cases); *Demoruelle*, 2017 WL 2836989 at *7).

Plaintiff has not made an adequate showing of the essential elements of his pattern or practice claim.  To support such a claim, he must demonstrate that an "alleged policy or practice will impair plaintiff's 'lawful access to information in the future.'"  *Nat'l Parks Conservation Ass'n v. U.S. Dep't of the Navy*, No. C19-645 TSZ, 2021 WL 1192443, at *6 (W.D. Wash. Mar. 30, 2021).  Plaintiff has failed to identify such a policy or practice, other than to point to the isolated instance of the VA's delay in responding to his April 24, 2020, request.  Dismissal is therefore warranted.  *See Celotex Corp., supra*.

Plaintiff cannot continue this litigation by raising new FOIA or Privacy Act requests not contained in his Amended Complaint, and he appears to acknowledge that such claims are premature.  Monetary damages are not available under either FOIA or Privacy Act claims.  *See Johnson*, 239 F. Supp. 2d at 1138.  Fees or costs are not warranted under the facts of this case.  Sanctions under Rule 11 are unwarranted given all of the above, and in any event Plaintiff's

ORDER RE: MOTIONS FOR SUMMARY JUDGMENT - 7

request is properly denied as procedurally improper because he did not include it in a separate motion and failed to provide notice before making the request. *See* Fed. R. Civ. P. 11(c)(2).

Accordingly, the Court hereby finds and ORDERS:

1) Plaintiff's Motion for Summary Judgment, Dkt. #19, is DENIED.

2) Defendant's Motion for Summary Judgment, Dkt. #20, is GRANTED. All of Plaintiff's claims are DISMISSED.

3) Plaintiff's Motion for Leave to File Response to Agency Reply is DENIED as the requested relief is procedurally improper under Local Civil Rule 7.

4) All other pending Motions are DENIED as MOOT. This case is CLOSED.

DATED this 28th day of October, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE